IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BOBBY DULA,                            )
                                       )
                    Plaintiff,         )
                                       )
            v.                         )         1:19CV740
                                       )
ANDREW SAUL,                           )
Commissioner of Social Security,       )
                                       )
                    Defendant.         )

## ORDER

On August 28, 2020, the United States Magistrate Judge's Recommendation was filed, and notice was served on the parties pursuant to 28 U.S.C. § 636. Plaintiff filed objections, (ECF No. 23), within the time limit prescribed by Section 636. The Court has reviewed Plaintiff's objections *de novo* and finds that they do not change the substance of the United States Magistrate Judge's Recommendation, (ECF No. 20), which is affirmed and adopted.

Plaintiff in his objections submits new evidence in support of his claim. However, in determining whether the ALJ's decision is supported by substantial evidence, this Court may not consider new evidence that Plaintiff did not submit to the ALJ or the Appeals Council. See Smith v. Chater, 99 F.3d 635, 638 n.5 (4th Cir. 1996). Instead, the Court can remand the case under sentence six of 42 U.S.C. § 405(g) for the Commissioner to consider the new evidence, if Plaintiff can demonstrate that the evidence qualifies as both new and material, and that good cause exists for the failure to submit the evidence to the ALJ or the Appeals Council. *See* Wilkins v. Sec'y, Dep't of Health & Human Servs., 953 F.2d 93, 96 n.3 (4th Cir. 1991). Here, Plaintiff has failed to show that this is new and material evidence that would warrant

remand under sentence six of 42 U.S.C. § 405(g). The evidence reflects a Veterans' Administration January 3, 2020 examination and a January 29, 2020 determination of a service-connected disability rating of 10% in each knee effective August 22, 2011. However, that evidence does not provide material information regarding the degree of Plaintiff's limitations prior to the June 30, 1997 date last insured. Moreover, there is not a reasonable possibility that this evidence would change the administrative determination, which similarly acknowledged Plaintiff's bilateral knee impairment and limited him to medium work (or alternatively light or sedentary work) as a result. The ALJ specifically found that even if Plaintiff were limited to light or sedentary work, the result would be the same and he would not be considered disabled, and there is not a reasonable possibility that Plaintiff's additional evidence would change the outcome in this case.

IT IS THEREFORE ORDERED that the Commissioner's decision finding no disability is AFFIRMED, that Plaintiff's Motion to Reverse the Decision of the Commissioner, (ECF No. 15), is DENIED, that the Commissioner's Motion for Judgment on the Pleadings, (ECF No. 17), is GRANTED, and that this action is DISMISSED WITH PREJUDICE.

This, the 24th day of September 2020.

/s/ Loretta C. Biggs
United States District Judge